UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAWAN WILLIAMS,

                Plaintiff,

      -v-

N.Y.C. DEP'T OF CORRECTIONS, ET AL.,

                Defendants.

14-CV-9804 (JPO)

OPINION & ORDER

---

J. Paul Oetken, United States District Judge:

    Williams is proceeding *pro se* and *in forma pauperis*. He filed this complaint under 42 U.S.C. § 1983, alleging that he was falsely arrested and injured during a September 12, 2012, arrest in the Bronx County Hall of Justice.

    Williams filed this action on December 8, 2014. (Dkt. No. 2.) Defendants answered on April 9, 2015, and discovery began on May 1, 2015. (Dkt. Nos. 10, 13.) As part of discovery, Defendants represent that Williams agreed to attend the deposition of a witness on September 1, 2015. (Dkt. No. 23 at 2.) Williams failed to appear. (*Id.*) Defendants then noticed Williams's own deposition on September 4, 2015, setting the deposition for September 10, 2015. (*Id.*) Williams again failed to appear. (*Id.*) Defendants contacted Williams by phone, and the parties agreed to an October 1, 2015, deposition date. (*Id.*) Williams again failed to appear. (*Id.*) Finally, the parties agreed to schedule the deposition on October 9, 2015. (*Id.*) The magistrate judge to whom this case was referred ordered Williams to appear for the October 9 deposition and warned Williams that "[i]f he fails to do so, the Court may dismiss his case for failure to prosecute." (Dkt. No. 19.) Williams again failed to appear, though Williams's lawyer in other cases filed a letter dated October 8 notifying the Court that he would not represent Williams in this case. (Dkt. Nos. 20, 23.) Discovery closed on October 9, 2015, and on November 9,

Defendants moved to dismiss for lack of prosecution.  (Dkt. No. 23.)  Williams has not corresponded with the Court since August 2015.  (Dkt. Nos. 16-17.)

Defendant seek dismissal "[i]f the plaintiff fails to prosecute or to comply with th[e Federal Rules] or a court order."  Fed. R. Civ. P. 41(b).  Such a dismissal is "the harshest of sanctions," to be used against a *pro se* plaintiff's claim "only when the circumstances are sufficiently extreme."  *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014) (per curiam) (citations omitted).  A Rule 41(b) dismissal must also "be proceeded by particular procedural prerequisites," including notice.  *Id.* (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).  "A district court considering a Rule 41(b) dismissal must weigh five factors," no one of which is generally dispositive:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Id.* at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

In this case, these five factors weigh in favor of dismissal.  Plaintiff has not communicated with the Court for eight months, and he has missed three noticed depositions—including one ordered specifically by the Court.  He was advised that failure to appear at this third deposition could result in dismissal for failure to prosecute, but missed it nonetheless.  Since that time, he has not communicated with the Court, nor has he opposed Defendants' Rule 41(b) motion.

Further delay would prejudice Defendants.  The discovery period in the case has now closed.  Defendants cannot reasonably be expected to proceed without Williams's deposition.

And if discovery were reopened and a fourth deposition scheduled, Williams may again fail to appear, while Defendants again incur costs including court reporters' fees and the attorneys' time. (Dkt. No. 23 at 2.)

There is no other way for the case to proceed, vindicating Williams's interest in airing his claims.  And "there is nothing in the record to suggest that a sanction less serious than dismissal will resolve the plaintiff's failure to cooperate." *Singleton v. City of New York*, No. 14-CV-9355, 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015).  A financial penalty may be even stronger medicine than dismissal for a *pro se* plaintiff proceeding *in forma pauperis*.

Simply put, there is "no indication" that Williams "wishes to continue with this action." *Garcia v. Tal on 1st Inc.*, No. 14-CV-9042, 2016 WL 205442, at *2 (S.D.N.Y. Jan. 15, 2016). The "circumstances are sufficiently extreme" to warrant dismissal. *Id.; see, e.g.*, *Brow v. City of New York*, 391 F. App'x 935, 936 (2d Cir. 2010) (dismissing a case in which the plaintiff repeatedly failed to appear for his own deposition).

Accordingly, in light of the factors mentioned above, Defendants' motion to dismiss for failure to prosecute is GRANTED.  The Clerk is directed to close the motion at docket number 23, enter judgment in favor of Defendants, and terminate the case.

SO ORDERED.

Dated:   April 5, 2016
         New York, New York

_____
J. PAUL OETKEN
United States District Judge

COPY MAILED TO PRO SE PLAINTIFF